UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | CASE NO. 17-10353 |
| LMCHH PCP, LLC and LOUISIANA MEDICAL CENTER AND HEART HOSPITAL, LLC, | SECTION "B" |
| DEBTORS | CHAPTER 11 |

***********************************************************************

| | |
|---|---|
| BARBARA KUSNICK, on behalf of herself and all others similarly situated, | |
| PLAINTIFFS | |
| VERSUS | ADV. P. NO. 17-1021 |
| LMCHH PCP, LLC, and LOUISIANA MEDICAL CENTER AND HEART HOSPITAL, LLC, CCG OF LOUISIANA, LLC, and MEDCARE INVESTMENT FUNDS, | |
| DEFENDANTS | |

***********************************************************************

| | |
|---|---|
| TERRY KING, APRIL ESCHETE, LEONIDA GALLOWAY, MARVETTE LEBLANC-CLARKSTON, JOHN FAYARD, III, BAMBILYNN JORDAN, LOU ANN LEA, MONICA SMITH, and MARLEA ROSS, on behalf of themselves and all others similarly situated, | |
| PLAINTIFFS | |
| VERSUS | ADV. P. NO. 17-1024 |
| LMCHH PCP, LLC, LOUISIANA MEDICAL CENTER AND HEART HOSPITAL, LLC and CCG OF LOUISIANA, LLC | |
| DEFENDANTS | |

## **ORDER WITH REASONS**

This matter came before the Court on the Motion for Appointment of Interim Class Counsel and Related Relief filed by Barbara Kusnick, on behalf of herself and all others similarly situated, ("Kusnick Plaintiffs") and the opposition filed by Terry King, on behalf of himself and all others similarly situated ("King Plaintiffs").[1]

On February 17, 2017, after transfer of the bankruptcy proceedings to this court, the Kusnick Plaintiffs, who already had an adversary proceeding pending in the Bankruptcy Court in Delaware, filed a First Amended Class Action Adversary Proceeding Complaint (the "Kusnick Complaint"). The Kusnick Complaint seeks remedies for LMCHH PCP, LLC, Louisiana Medical Center and Heart Hospital, LLC, CCG of Louisiana, LLC, and Medcare Investment Funds' ("Defendants") alleged failure to provide at least sixty days' advance written notice of the terminations as required by the WARN Act and adds claims against the Non-Debtor Defendants, among other claims. On February 24, 2017, the King Plaintiffs, on behalf of themselves and all others similarly situated, filed an almost identical class action adversary proceeding against the Defendants, minus Medcare Investment Funds, for violation of the WARN Act and the recovery of damages in the amount of sixty days' back pay and ERISA benefits, among other claims.[2]

Federal Rule 23(g) governs the appointment of interim class counsel in these proceedings.[3] Under Rule 23(g), the court can appoint interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action. Fed. R. Civ. P. 23(g)(3). When more than one applicant seeks appointment as interim class counsel, "the court

---

[1] (P-20) in case number 17-1021, and (P-7) in case number 17-1024.

[2] The Kusnick Complaint also included a larger group of plaintiffs than the King Complaint.

[3] Federal Rule 23(g) is made applicable by Fed. R. Bankr. P. 7023.

must appoint the applicant best able to represent the interests of the class."[4]  "[T]he court is to go beyond scrutinizing the adequacy of counsel and make a comparison of the strengths of the various applicants. . . . [N]o single factor should be dispositive in selecting class counsel in cases in which there are multiple applicants."[5]

"In appointing class counsel, the court:

> (A) must consider:
>
>> (i) the work counsel has done in identifying or investigating potential claims in the action;
>>
>> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>>
>> (iii) counsel's knowledge of the applicable law; and
>>
>> (iv) the resources that counsel will commit to representing the class"[6]

The chosen counsel "must fairly and adequately represent the interests of the class."[7]  As such, the court should consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class."[8]  In determining adequacy of representation under Rule 23(a)(4), courts examine (1) "the zeal and competence of the representative[s']

---

[4]  Fed. R. Civ. P. 23(g)(2).

[5]  Fed. R. Civ. P. 23 advisory committee's note (2003).

[6]  Fed. R. Civ. P. 23(g)(1)(A).

[7]  Fed. R. Civ. P. 23(g)(4).

[8]  Fed. R. Civ. P. 23(g)(1)(B).

counsel" and (2) "the willingness and ability of the representative[s] to take an active role in and control the litigation and to protect the interests of absentees[.]"[9]

Both the counsel for Kusnick Plaintiffs and for King Plaintiffs are qualified in handling claims, experienced in class actions, and have the proper legal knowledge. However, this court finds that counsel for Kusnick Plaintiffs should be appointed as interim counsel to represent the class. The counsel for Kusnick Plaintiffs specialize in WARN Act litigation and are nationally recognized experts in this specialized area of the law. Although they are not located in the state, they have associated local counsel as required by the local rules. Counsel for the Kusnick Plaintiffs filed their suit first, and their suit names additional defendants that may be able to augment the limited recovery the plaintiffs are likely to recover from the debtor's estate. At oral argument, counsel for the King Plaintiffs argued that they had not yet had an opportunity to amend their complaint to include the additional defendants named in the Kusnick suit, but that was several months ago, and the court notes that the King Plaintiffs have not amended their complaint, although answers have been filed in that suit.

The Kusnick Plaintiffs' counsel represent to the court that they will be paid on a contingent fee basis, so they will not cost the debtor's estate anything more than the King Plaintiffs' counsel. On the balance, although both proposed interim counsel are very competent and would certainly be able to do a fine job, the balance of the factors the court must consider weigh in favor of the counsel for the Kusnick Plaintiffs leading the charge. Accordingly,

---

[9] *Stirman v. Exxon Corp.*, 280 F.3d 554, 563 (5th Cir. 2002) (quoting *Berger v. Compaq Computer Corp.*, 257 F.3d 475, 479 (5th Cir. 2001)) (internal quotation marks omitted).

**IT IS ORDERED** that the Kusnick Plaintiffs' Motion is **GRANTED** and Outten & Golden, LLP are appointed as Interim Lead Counsel.

New Orleans, Louisiana, July 13, 2017.

                                                                                      *J. A. Brown*
                                                        Jerry A. Brown
                                                        U.S. Bankruptcy Judge